IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:
Shatique Lavette Kelly aka Shatique Metoyer,

**Debtor(s)**.

---

Yamasa Co. LTD

**Movant**

v.

Shatique Lavette Kelly aka Shatique
Metoyer, Debtor(s); and
Nancy J. Whaley, Trustee

  **Respondents**.

CASE NO. 25-58080-jwc
CHAPTER 13

Judge Jeffery W. Cavender

CONTESTED MATTER

## MOTION TO LIFT STAY FOR DEBTOR'S NONCOMPLIANCE WITH STRICT COMPLIANCE ORDER

COMES NOW Yamasa Co. LTD ("Movant"), and files this Motion to Lift Stay for Debtor's Noncompliance with Strict Compliance Order and shows the Court as follows:

1.

Debtor leases certain real property from Movant known as 872 Bristol Way, Lithonia GA 30058, (hereinafter, the "Property"). Movant sought relief from the automatic stay as to Debtor [Doc. 33], in light of the default under the terms of the lease agreement between the parties in failing to pay post-petition rent, late fees, and utilities for October, November, and December 2025.

2.

This Court entered an Order Denying Motion for Relief from Stay with Strict Compliance ("Strict Compliance Order") on March 11, 2026 [Doc. 43] pursuant to terms consented to between Debtor and Movant.

3.

1

The terms of the Strict Compliance Order required Debtor to resume strict compliance with the lease post petition commencing February 1, 2026. Debtor further agreed to cure the post petition arrearage owing through January 31, 2026 via payments of $4,085.33 by January 31, 2026.

4.

Any payment default under the terms of the Strict Compliance Order requires Movant to send notice of said default to Debtor and Debtors' attorney. Debtor has five (5) days from receipt of said notice to cure a payment default.

5.

Debtor failed to resume strict compliance under the lease agreement commencing February 1, 2026. Debtor further failed to cure the post-petition arrearage through January 2026, having failed to only pay $1,653.27 out of the $4,085.33 of the delineated payments in January 2026.

6.

On March 18, 2026, counsel for Movant sent a Notice of Default pursuant to the terms of the Strict Compliance Order ("Notice of Default"). See Notice of Default attached hereto as **Exhibit 1**.

7.

Debtor failed to resume strict compliance under the lease agreement commencing February 1, 2026. Debtor further failed to cure the post-petition arrearage through January 2026, having failed to only pay $1,653.27 out of the $4,085.33 of the delineated payments in January 2026. *See* Affidavit of Noncompliance, attached hereto as **Exhibit 2**.

8.

Movant therefore moves this Court to enter an Order granting it relief from the automatic stay as set forth within the Strict Compliance Order without further hearing.

2

9.

Movant is otherwise unable to exercise its state law remedies under the terms of the Lease

Agreement so long as the automatic stay remains in effect.

WHEREFORE, Movant  Yamasa Co. LTD prays for the following relief:

(a)     That this Court grant Movant's Motion for Relief From Stay;

(b)     That the automatic stay pursuant to §§ 362 and of the Bankruptcy Code be

terminated, annulled, modified, and lifted to permit Movant to pursue all remedies available

under Georgia law to recover possession of the Property and to allow Movant to apply any

security deposit held by Movant to any post-petition amounts which came due under the terms of

the Lease, and that the property be abandoned as property of the estate;

(c)     That the Court waive and/or modify Bankruptcy Rule 4001(a)(4) so as to allow

Movant to proceed immediately with a dispossessory action;

(d)     That the Court award Movant its attorney's fees and costs in bringing of this

Motion; and

(e)     For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Thursday, April 2, 2026.

THE TOTTEN FIRM, LLC                        /s/ Matthew F. Totten
5579 Chamblee Dunwoody Rd, Ste B-136        MATTHEW F. TOTTEN
Atlanta, GA 30338                           (Georgia Bar No. 798589)
(404) 692-4342 (Telephone)                  ATTORNEY FOR MOVANT
mft@tottenfirm.com

3

## CERTIFICATE OF SERVICE

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *MOTION TO LIFT STAY FOR DEBTOR'S NONCOMPLIANCE WITH STRICT COMPLIANCE ORDER* in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

Nancy J. Whaley
Standing Chapter 13 Trustee
Ste 120, Truist Plaza Garden Offices
303 Peachtree Center Ave
Atlanta, GA 30303

Jessica Douglas
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341 Counsel for
Debtor

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Shatique Lavette Kelly aka
Shatique Metoyer, *Debtor*
872 Bristol Way
Lithonia GA 30058

Dated:  Thursday, April 2, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR MOVANT

4