**IT IS ORDERED as set forth below:**

**Date: April 3, 2026**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**
**Signed as Revised by the Court**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>Shatique Lavette Kelly aka Shatique Metoyer,<br><br>**Debtor(s)**. | CASE NO. 25-58080-jwc<br>CHAPTER 13 |
| Yamasa Co. LTD<br><br>**Movant**<br><br>v.<br><br>Shatique Lavette Kelly aka Shatique<br>Metoyer, Debtor(s); and<br>Nancy J. Whaley, Trustee<br><br>**Respondents**. | Judge Jeffery W. Cavender<br><br>CONTESTED MATTER |

<u>**ORDER GRANTING MOTION FOR RELIEF FROM STAY, STRICT COMPLIANCE**</u>

Debtor and Movant previously entered into a consent order between Debtor and Movant, dated March 11, 2026 [Doc. 43], requiring Debtor to resume strict compliance with the lease post petition commencing February 1, 2026. Debtor further agreed to cure the post petition arrearage owing through January 31, 2026 via payments of $4,085.33 by January 31, 2026 in full to Movant.

1

As evidenced by Movant's subsequent default Motion to Lift Stay for Debtor's Noncompliance With Strict Compliance Order, filed on April 2, 2026 [Doc 45], as supported by adequate notice upon Debtor/Debtor's counsel [Doc 45-1] and further evidenced by an affidavit of noncompliance [Doc 45-2], Debtor failed to strictly comply with the terms agreed between the parties, particularly Debtor failed to resume strict compliance under the lease agreement commencing February 1, 2026 and further failed to cure the post-petition arrearage through January 2026, having failed to only pay $1,653.27 out of the $4,085.33 of the delineated payments in January 2026 via payment to Movant.

No response has been filed by Debtor or codebtor in opposition to Movant's motion to lift the automatic stay in light of the default with the strict compliance order [Doc 43].

**ORDERED** that Movant's Motion is granted.  The automatic stay pursuant to 11 U.S.C. §§ 362(d) and of the Bankruptcy Code is MODIFIED to allow Movant to pursue dispossessory proceedings against Debtor as-available under Georgia law to recover possession of the Property.

**ORDERED** that Movant may obtain a post-petition judgment within the course of a dispossessory action to recover possession of the Property, but Movant is not permitted to pursue any collection activities on that judgment as to property of the estate during the pendency of the instant Bankruptcy.

**ORDERED** that, pursuant to Movant's Motion, the 14 day stay prescribed by Bankruptcy Rule 4001(a)(4) is waived to allow Movant to proceed immediately with a dispossessory action;

**[END OF DOCUMENT]**

**Order presented by:**

THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
Tel: (404) 692-4342
Email: mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)

Distribution List:

Jessica Douglas
Clark & Washington, LLC
Bldg. 3
3300 Northeast Expwy.
Atlanta, GA 30341
*Counsel for Debtor*

Matthew F. Totten
THE TOTTEN FIRM, LLC
5579 Chamblee Dunwoody Rd, Ste B-136
Atlanta, GA 30338
*Counsel for Movant*

Nancy J. Whaley
Standing Chapter 13 Trustee
Ste 120, Truist Plaza Garden Offices
303 Peachtree Center Ave
Atlanta, GA 30303
*Trustee*

Shatique Lavette Kelly aka
Shatique Metoyer, *Debtor*
872 Bristol Way
Lithonia GA 30058